UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| ALBERT JONES, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Civil No. 3:17-cv-61-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| JOHN TILLEY, et al., | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This is before the Court on Defendants' Motions for Summary Judgment. [R. 6; R. 7.] Because these motions have come early in the litigation process, they will be **DENIED WITHOUT PREJUDICE** so that additional discovery can be conducted. Further, Defendants are denied a qualified immunity defense at this point in the litigation.

**I**

**A**

Albert Jones brings this suit against various prison officials in their individual capacities. He alleges that these officials refused to credit sentencing as a judge ordered and held him in jail for seven (7) months longer than his sentence required. [*See* R. 1 at 2.]

Jones was sentenced to ten (10) years incarceration by the Honorable Brian C. Edwards of Jefferson County Circuit Court, Division 11. [R. 1 at 4.] His sentence was to run concurrently to his federal sentences that he was already serving. [*See* R. 1 at 4; R. 7-2 at 2.] Jones alleges his time served began on January 28, 2008, "when the bench warrant for [his]

arrest was issued." [R. 1 at 4.]  Defendants allege Jones' sentence began on September 30, 2009, as calculated by the Bureau of Prisons.  [*See* R. 7-1 at 2.]

Jones alleges that, upon realizing his time served was not being correctly calculated, he "notified Defendants Tilley, Erwin, Potter-Blair, Hall, Bentley, and Belen by at least November 25, 2014." [R. 1 at 5.]  Defendants were ordered by Judge Edwards to recalculate Jones' jail time credit on April 16, 2015.  [*See id.*]  Defendants claim that they did recalculate his sentence and determined that "Mr. Jones was not entitled to credit for any additional time." [R. 7-1 at 2; R. 7-4 at 2.]  Jones alleges that he satisfied his sentence on July 26, 2016.  [R. 1 at 6.]  On February 21, 2017, Judge Edwards ordered Defendants to give Jones credit "for all time spent in custody beginning on January 28, 2008." [R. 1 at 6.]  Jones was released from custody on February 27, 2017.  [R. 1 at 6.]

Jones brings claims against each Defendant under the Eighth Amendment, Fourteenth Amendment, and a claim of False Imprisonment.  Defendants assert they are shielded from liability by qualified immunity.

**B**

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.  "A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows 'that a reasonable jury could return a verdict for the nonmoving party.'" *Olinger v. Corporation of the President of the Church*, 521 F. Supp. 2d 577, 582 (E.D. Ky. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).  Stated otherwise, "[t]he mere existence of a scintilla of evidence in

2

support of the Plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the Plaintiff." *Anderson*, 477 U.S. at 252.

When applying the summary judgment standard, the Court must review the facts and draw all reasonable inferences in favor of the non-moving party. *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001) (citing *Liberty Lobby*, 477 U.S. at 255). The moving party has the initial burden of demonstrating the basis for its motion and identifying those parts of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). The movant may satisfy its burden by showing "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp.*, 477 U.S. at 325. Once the movant has satisfied this burden, the non-moving party must go beyond the pleadings and come forward with specific facts demonstrating the existence of a genuine issue for trial. Fed. R. Civ. P. 56; *Hall Holding*, 285 F.3d at 424 (citing *Celotex*, 477 U.S. at 324). Moreover, "the nonmoving party must do more than show there is some metaphysical doubt as to the material fact. It must present significant probative evidence in support of its opposition to the motion for summary judgment." *Hall Holding*, 285 F.3d at 424 (internal citations omitted).

**II**

Defendants bring two Motions for Summary Judgment. [R. 6; R. 7.] John Tilley moves for Summary Judgment based on the fact that he was not commissioned into his office until December 22, 2015. [*See* R. 6-1 at 1.] In addition to and in the alternative, each Defendant, including Tilly, moves for summary judgment because they are shielded by qualified immunity. [R. 7.]

When invoked, "the doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or

3

constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). In evaluating claims of qualified immunity, courts generally apply a two-step analysis. First, "[t]aken in a light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Second, the court asks whether the right at issue was "clearly established." *Id.* Finally, once a defendant has raised the defense, "the burden shifts to the plaintiff, who must demonstrate both that the official violated a constitutional or statutory right, and that the right was so clearly established at the time of the alleged violation 'that every reasonable official would have understood that what he [was] doing violate[d] that right .'" *Thomas v. Plummer*, 489 F. App'x 116, 119 (6th Cir.2012) (citing *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2083 (2011)).

Jones alleges various Constitutional violations according to § 1983. "To state a claim under § 1983, a plaintiff must allege [1] the violation of [2] a right secured by the Constitution and laws of the United States, and must show [3] that the alleged violation was committed by a person acting under color of state law." *Shorts v. Bartholomew*, 255 F. App'x 46, 51 (6th Cir. 2007) (quoting *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)). As a preliminary matter, there is no dispute that Defendants were officials of the state when detaining Jones. The second element is met as well, "when a prisoner's sentence has expired, he is entitled to release." *Shorts*, 255 F. App'x at 52 (collecting cases). Accordingly, only the first element remains, whether or not Defendants committed a violation.

Jones alleges that all Defendants were deliberately indifferent to his release date. [R. 1 at 7.] Further, he alleges that he is not bringing suit against the supervisors named under *respondeat superior*, which is not permissible in § 1983 cases, but rather claims they also were

4

deliberately indifferent to his release date, which is a "stringent standard of fault," requiring that the supervisors knew their actions would lead to a constitutional right being violated. *Shorts*, 255 F. App'x at 53. In order to prove deliberate indifference, the plaintiff must:

> [1] first demonstrate that a prison official had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted. [2] Second, the plaintiff must show that the official either failed to act or took only ineffectual action under circumstances indicating that his or her response to the problem was a product of deliberate indifference to the prisoner's plight. [3] Finally, the plaintiff must demonstrate a causal connection between the official's response to the problem and the infliction of the unjustified detention.

*Id.* at 54.

Applying all these elements to the case at hand, this Court finds that granting or denying summary judgment at this point would be premature. The factual basis needed to prove or disprove whether a violation occurred for qualified immunity purposes does not exist at this early stage in litigation. Jones must prove that the prison officials were "deliberately indifferent" to his plight. Without any discovery at all, this Court finds it difficult to understand how Jones is supposed to disprove or prove anything related to his claims. Construing all facts in his favor, Jones has made a prima facie case by stating that he was released past the date he was supposed to have been released and has shown that the Defendants were at least under notice from Judge Edwards that Jones was at risk of serving more time than he had been sentenced for. [*See* R. 1 at 6.] Though Defendants submit some mitigating evidence, Jones still has the opportunity to prove the actions they took to calculate his sentence constituted only "ineffectual action." *Shorts v. Bartholomew*, 255 F. App'x 46, 54 (6th Cir. 2007). Whether or not they were deliberately indifferent is a factual question that has not been resolved.

Finally, Mr. Tilley's argument that he was not in office when Jones was incarcerated does not mandate summary judgment. Jones does not dispute that Mr. Tilley was sworn in on

5

December 22, 2015, but claims that he was deliberately indifferent when Mr. Tilley did not immediately release him after being ordered by Judge Edwards to do so on February 21, 2017. [R. 9 at 3.]

Finally, though "[d]iscovery is disfavored in this context, [] 'limited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity.'" *Robertson v. Lucas*, 753 F.3d 606, 623 (6th Cir. 2014) (quoting *Crawford–El v. Britton*, 523 U.S. 574 at 593 n. 14 (1998)). In *Crawford-El v. Britton*, the Supreme Court emphasized that the District Court has "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery" in order to "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." 523 U.S. 574 at 598 (1998). With this in mind, this Court finds it prudent to refer this matter to the Magistrate Judge to monitor the sequence of discovery and make decisions on the scope of discovery permitted in accordance with *Crawford-El*.

## III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED**:

1. Defendants' Summary Judgment Motions [R. 6; R. 7] are **DENIED WITHOUT PREJUDICE**; and

2. This matter is referred to Magistrate Judge Atkins to prepare scheduling order and monitor the discovery of this litigation going forward.

This the 26th day of July, 2018.

Gregory F. Van Tatenhove
United States District Judge