UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

ALBERT JONES,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)　　Civil No. 3:17-cv-00061-GFVT
v.　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
DAN BOTTOM, *et al.*,　　　　　　　　)　　**MEMORANDUM OPINION**
　　　　　　　　　　　　　　　　　　)　　**&**
　　　Defendants.　　　　　　　　　　)　　**ORDER**
　　　　　　　　　　　　　　　　　　)

*** *** *** ***

Due to errors in implementing his plea agreement, Plaintiff Albert Jones was held in state prison for longer than he should have been. In response, he brought federal constitutional claims and state law false imprisonment claims. After appeal, many of those claims are gone but Mr. Jones's false imprisonment claim remains. Now the Defendants have moved for summary judgment on that claim. For the reasons that follow, the Defendants' Third Motion for Summary Judgment **[R. 41]** is **DENIED**.

**I**

This Court and the Sixth Circuit have both already detailed the facts of this case, [R. 133 at 1-5]; *Jones v. Bottom*, 85 F.4th 805 (6th Cir. 2023), and there is no need to belabor them here. On February 14, 2022, this Court granted in part and denied in part the Defendants' motion for summary judgment. [R. 133.] The Court determined that Kentucky law did not prevent the Defendants from granting Mr. Jones's request for jailtime credit, that qualified immunity was inappropriate, and that summary judgment was not appropriate for Mr. Jones's state law false imprisonment claim. *Id*. On February 16, 2022, the Defendants took an interlocutory appeal of

this Court's decision denying them qualified immunity. [R. 134.] On October 30, 2023, the Sixth Circuit issued their decision reversing this Court and finding that the defendants were entitled to qualified immunity as to Mr. Jones's constitutional claims. *Jones v. Bottom*, 85 F.4th 805 (6th Cir. 2023). Notably, in that decision the Sixth Circuit decided that it did not have appellate jurisdiction over Mr. Jones's state law false imprisonment claim. *Id*. at 810. In a telephonic conference following the Sixth Circuit's decision, this Court directed the parties to address whether the Sixth Circuit's decision impacted Mr. Jones's state law false imprisonment claim. [R. 140.] The parties have now done so, and the matter is ripe for review. [R. 141; R. 142.]

## II

Under Rule 56, summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). A fact's materiality is determined by the substantive law, and a dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). "[T]he trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989). "Instead, 'the non-moving party has an affirmative duty to direct the Court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact.'" *J.B-K.-1 v. Sec'y of Ky. Cabinet for Health & Fam. Servs.*, 462 F. Supp. 3d 724, 731 (E.D. Ky. 2020), *aff'd sub nom. J. B-K. by E.B. v. Sec'y of Ky. Cabinet for Health & Fam. Servs.*, 48 F.4th 721 (6th Cir. 2022) (quoting *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001)).

Summary judgment is inappropriate where there is a genuine conflict "in the evidence, with affirmative support on both sides, and where the question is which witness to believe." *Dawson v. Dorman*, 528 F. App'x 450, 452 (6th Cir. 2013). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. . . . The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Morales v. Am. Honda Motor Co.*, 71 F.3d 531, 535 (6th Cir. 1995) (quoting *Liberty Lobby*, 477 U.S. at 255).

### A

When determining state law claims, this Court must apply the law of the state in which it sits. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64 (1938). Therefore, the Court turns to Kentucky law as applied to claims of false imprisonment. In determining Kentucky law only the decisions of the highest court of Kentucky bind this Court. *See Comm'r of Internal Revenue v. Bosch,* 387 U.S. 456, 465 (1967). Indeed, the parties' dispute turns on who Kentucky law makes responsible for calculating the proper time-served credit for inmates. In many ways the Court has already answered this question.

In its prior Opinion, this Court determined that Defendants' motion for summary judgment should be denied as to Mr. Jones's false imprisonment claim. [R. 133 at 18.] The Court's discussion was brief, noting that it had already "determined that the KDOC was not bound by Judge Edwards's judgment and, instead, had the responsibility to ensure his jailtime credit was appropriately calculated." *Id*. However, much of that discussion was contained within the Court's consideration of Mr. Jones's constitutional claims. *Id*. at 9-13. On appeal, the Sixth Circuit reversed this Court's ruling on Mr. Jones's constitutional claims, leading to the

present confusion over Mr. Jones's false imprisonment claim. Ultimately, the Court stands by its prior reasoning for Mr. Jones's false imprisonment claim.

The Sixth Circuit determined that it did not have appellate jurisdiction over this Court's determination of Mr. Jones's false imprisonment claim. *Jones v. Bottom*, 85 F.4th 805, 810 (6th Cir. 2023). It specifically held that "resolving the qualified immunity appeal will not 'necessarily determine' the false imprisonment claim" because it is not "'coterminous with or subsumed in' the alleged federal constitutional violation." *Id*. While this Court's analysis of Mr. Jones's false imprisonment claim was wrapped within its analysis of his constitutional claims, the Sixth Circuit has determined that those claims themselves are distinct. As Mr. Jones points out, "[f]or Defendants to prevail on their motion, they must essentially prove that the Sixth Circuit was wrong and demonstrate that the claims were inextricably intertwined." [R. 142 at 1.] And underlying state law claims routinely survive even when the constitutional claim they support does not. *See Browning v. Edmonson Cnty., Kentucky*, 18 F.4th 516 (6th Cir. 2021) (finding negligence and gross negligence claims could continue because they depended on a separate analysis); *Lane v. City of LaFollette, Tenn.*, 490 F.3d 410 (6th Cir. 2007) (permitting municipal liability claims to continue even when qualified immunity was granted for constitutional claims); *Novak v. City of Parma*, 932 F.3d 421 (6th Cir. 2019) (similar to *Lane*). The facts may have been insufficient to establish the subjective knowledge and failure to act that constitute deliberate indifference, but a reasonable jury could conclude that those same facts meet the less demanding threshold for false imprisonment.

Turning to the meat of Defendants' arguments, in their third motion for summary judgment, [R. 141], they essentially rehash the same arguments they presented previously. Under Kentucky law, "false imprisonment requires that the restraint be wrongful, improper, or

4

without a claim of reasonable justification, authority or privilege." *Banks v. Fritsch*, 39 S.W.3d 474, 479 (Ky. Ct. App. 2001). Kentucky courts have noted that "[a]n action for false imprisonment may be maintained where the imprisonment is without legal authority…where there is a valid or apparently valid power to arrest, the remedy is by an action for malicious prosecution." *Roberts v. Thomas*, 135 Ky. 63, 121 S.W. 961 (1909). In Defendants' view, the written judgment controlled, and they were bound by that written judgment. [R. 142 at 3.] Thus, they claim they acted under apparently valid power to continue detaining Mr. Jones.

Defendants' position would hold true if they had no responsibility or capacity to act with regard to Mr. Jones's sentence. However, this Court has already determined that under Kentucky law they did have that power. [R. 133 at 18.] In considering the question, the Court examined apparently competing cases from the Kentucky Supreme Court – *Bard v. Commonwealth*, 359 S.W.3d 1 (Ky. 2011) and *Bowling v. White*, 480 S.W.3d 911 (Ky. 2015). [R. 133 at 9-13.] In *Bard*, the Kentucky Supreme Court determined that the Department of Corrections "lacked the authority to modify the amount of presentencing custody credit awarded" in the trial court's sentence under Ky. Rev. Stat. § 532.120. *Bard*, 359 S.W.3d at 7. Had that been the Kentucky Supreme Court's final word on the matter, Defendants would certainly prevail. However, in *Bowling* the Kentucky Supreme Court considered an amended version of KRS 532.120 and determined that *Bard*, while still valid, did not ultimately control. *Bowling*, 480 S.W.3d at 917-18. The *Bowling* court held that "under the present version of KRS 532.120(3), the Department of Corrections may award an inmate jail-time credit that was mistakenly left off the judgment of conviction and sentence." *Id*. at 918. Such a mistake is exactly what happened to Mr. Jones. Essentially the amended version of the statute shifted the responsibility of calculating proper jail-time credit from the judiciary to the Department of

5

Corrections. The Kentucky Supreme Court further made clear that this power and responsibility "[are] not limited to convictions obtained after the statute was amended." *Id*. at 917.

In its opinion, the Sixth Circuit brushed aside the importance of *Bowling* for Mr. Jones's constitutional claims, noting that the opinion had not been released during the period in which Mr. Jones was notifying officials of his plight. *Jones v. Bottom*, 85 F.4th 805, 817 (6th Cir. 2023). The opinion made clear that this was insufficient for Mr. Jones's constitutional claims, but that does not necessarily eliminate the importance of *Bowling* for Mr. Jones's false imprisonment claim. The *Bowling* decision was entirely predicated on a 2011 amendment to KRS 532.120 – an amendment that occurred prior to Mr. Jones's repeated requests for help. *Bowling*, 480 S.W.3d at 914-15; *Jones*, 85 F. 4th at 825 (Griffin, J., dissenting). A reasonable jury could find that the Defendants had the power and the duty to help Mr. Jones, but unreasonably failed to do so. A genuine issue of fact exists as to whether Mr. Jones's restraint was wrongful or without valid authority, rendering summary judgment inappropriate.

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Defendants' Third Motion for Summary Judgment **[R. 141]** is **DENIED**; and
2. The Court **DIRECTS** the parties to file a notice detailing when they will be prepared for trial on Mr. Jones's surviving claim and the expected length of that trial.

This the 20th day of November, 2024.

Gregory F. Van Tatenhove
United States District Judge